WILLIAM H. MODLIN v. THE SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD.

(Filed 9 October, 1935.)

**Insurance R c—Recovery of disability benefits held barred by forfeiture of contract for nonpayment of dues prior to notice of disability.**

Plaintiff's action on a disability provision in his fraternal benefit certificate *held* properly nonsuited under the evidence for his failure to furnish satisfactory proof of disability until more than six months after the termination of his contract for nonpayment of dues according to its terms and conditions, although the inception of the disability antedated the forfeiture for nonpayment of dues.

APPEAL by plaintiff from judgment of nonsuit entered by *Parker, J.,* at June Term, 1935, of MARTIN.   Affirmed.

*Elbert S. Peel for plaintiff, appellant.*
*Albion Dunn for defendant, appellee.*

PER CURIAM.   This was an action, instituted by the plaintiff, to recover total and permanent disability benefits under a beneficiary certificate issued to him by the defendant fraternal and insurance association on 24 February, 1922.   The pleadings, testimony, documentary evidence and admissions establish that the plaintiff paid all dues and assessments required of him up to and including February, 1933, and has paid no dues or assessments since that time; that the plaintiff became permanently and totally disabled within the meaning of his certificate in November, 1932; that on 2 October, 1933, the plaintiff for the first time gave notice of and offered to furnish satisfactory proof of his disability, and made application for the permanent total disability benefit provided in his certificate.

Both the original application for insurance and the beneficiary certificate of the plaintiff state that "all the provisions of the Constitution and Laws of the society now in force and that may hereafter be adopted shall constitute the basis for and form a part of any beneficiary certificate that may be issued to me by the Sovereign Camp of the Woodmen of the World,  .  .  ."

Sections 63-A and 63-B of the Constitution and By-Laws of the defendant company provide that every member shall pay certain annual assessments or monthly installments of assessments for the Sovereign Camp fund, and such Camp dues as may be required by the By-Laws of his Camp, and that upon failure by any member to make any such payments on or before the last day of the month he shall become suspended and his beneficiary certificate shall be void, and the contract between such person and the association shall be completely terminated.

In November, 1931, Section 61-C of said Constitution and By-Laws was amended to read: "Any member whose certificate so provides, and who, while younger than sixty years of age, and while the certificate is in full force and effect, shall furnish satisfactory proof to the secretary of the association at the home office of the association that he has suffered bodily injury, through external violent and accidental means or by disease, and that he is and will be permanently, totally, continuously, and wholly prevented thereby for life from pursuing any and all gainful occupations or performing any work for compensation of value,  .  .  . may have the option of surrendering his certificate for cancellation and receiving in settlement thereof, less any indebtedness due to the associa-

tion, one-half of the face amount of his certificate as a permanent total disability benefit. . . ." This amendment was in effect from its adoption until the time of the institution and trial of this action.

The plaintiff having failed to make any payment of dues or assessments since February, 1933, his beneficiary certificate became void and his contract with the association was terminated after that month by virtue of said Sections 63-A and 63-B, and having failed to furnish satisfactory proof of his disability until 2 October, 1933, more than six months after the avoiding of his certificate and the termination of his contract, he is precluded from maintaining his action by said amended Section 61-C.

Judgment affirmed.